Filed 4/25/25  P. v. Williams CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | No. E083789 |
| v. | (Super.Ct.No. FSB23002948) |
| CARL LEE WILLIAMS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Alexander R. Martinez, Judge.  Dismissed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Carl Lee Williams appeals the trial court's postjudgment victim restitution order. Appointed counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. Because defendant's counsel filed a brief raising no issues and defendant was notified that failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned and was given an opportunity to file a personal supplemental brief but failed to do so, we dismiss the appeal as abandoned. (*Id*. at pp. 231-232.)

II.

BACKGROUND

On January 8, 2024, defendant pled guilty to one count of felony evading a peace officer (Veh. Code, § 2800.2, subd. (a); count 1); two counts of felony vandalism over $400 in damages (Pen. Code, § 594; counts 2 & 3); and two counts of misdemeanor hit and run resulting in property damage (Veh. Code, § 20002, subd. (a); counts 4 & 5). In return, the trial court indicated a sentence of 16 months.

On February 7, 2024, the probation officer filed a restitution memo. Counts 4 and 5, misdemeanor hit and run resulting in property damage, involved defendant striking a fence on private property. The restitution memo included an estimate of $6,350.00 from

a contractor to repair the fence that defendant struck. The probation officer recommended that defendant be ordered to pay the full amount of $6,350.00 in victim restitution.

On February 7, 2024, the trial court sentenced defendant to the low term of 16 months on counts 2 and 3, a concurrent term on count 3, and a concurrent term of 180 days on counts 1 and 4.[1] The trial court ordered defendant to pay a $300.00 restitution fine pursuant to Penal Code section 1202.4; and a $70 per count in court operations/conviction fee pursuant to Penal Code section 1465.8 and Government Code section 70373. Victim restitution was reserved for a future hearing.

A restitution hearing was conducted on April 19, 2024. The People submitted on the probation officer's restitution memo and recommendation. Defense counsel objected that the memo lacked foundation and consisted of several layers of hearsay. Counsel further objected that no witness had appeared to testify, that the supporting document was an estimate, and that no one had submitted a declaration under penalty of perjury to support the requested amount of $6,350.00. The trial court reviewed the estimated damages, found the costs to be reasonable, and awarded the victim $6,350.00 in victim restitution. Defendant timely appealed, from the order setting the restitution amount.

---

[1] Count 1 was amended from a felony to a misdemeanor. Count 5, the second charge of hit and run resulting in property damage, was dismissed by the trial court.

3

III.

DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of facts, a statement of the case, and identifying three potentially arguable issues: whether the trial court abused its discretion (1) by not requiring testimony from the victim, (2) when it based its victim restitution award on multiple hearsay, and (3) when it based the victim restitution award on an estimate that lacked foundation, and erred in calculating lost wages and moving expenses at the restitution hearing. Counsel requests that we exercise our discretion and independently examine the appellate record for any arguable issues.

We offered defendant an opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal. Nevertheless, defendant has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th. at pp. 224-231.) We, however, have discretion to conduct an independent review even when it is not required. (*Id.* at p. 232.) This case does not call for us to exercise our discretion to independently examine the record for arguable issues, and we decline to exercise our discretion to independently examine the record. Rather, we dismiss the appeal. (*Id.* at pp. 231-232.)

IV.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON_____

J.

We concur:


MILLER_____

Acting P. J.


MENETREZ_____

J.